FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 10 2025

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY LUTZ,<br><br>Defendant. | Cr. No. 23-1832-JCH |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, by the United States Attorney for the District of New Mexico, and the Defendant, Anthony Lutz, with the advice and counsel of his attorney, Joel Meyers. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a.    to plead not guilty, or having already so pleaded, to persist in that plea;

    b.    to have a trial by jury; and

    c.    at a trial:

   i.  to confront and cross-examine adverse witnesses,

   ii.  to be protected from compelled self-incrimination,

   iii.  to testify and present evidence on the Defendant's own behalf, and

   iv.  to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The Defendant agrees to waive these rights and to plead guilty to the sole count of the indictment, charging a violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), that being unlawful dealing in firearms.

## SENTENCING

4.  The Defendant understands that the maximum penalties provided by law for this offense are:

  a.  imprisonment for a period of not more than 5 years;

  b.  a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

  c.  a term of supervised release of not more than 3 years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

  d.  a mandatory special penalty assessment of $100.00; and

  e.  restitution as may be ordered by the Court.

5.  The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

6.  If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

<u>18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), that being Unlawful Dealing in Firearms</u>

| | | |
|---|---|---|
| *First*: | | The defendant was a dealer in firearms, engaged in the business of selling firearms at wholesale or retail; |
| *Second*: | | The defendant engaged in such business without a license issued under federal law; and |
| *Third*: | | The defendant did so willfully, that is, that the defendant was dealing in firearms with knowledge that his conduct was unlawful. |

## DEFENDANT'S ADMISSION OF FACTS

7.  By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum

penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

    a. **Between 2019 and 2023, I willfully engaged in the business of dealing firearms without a license. More specifically, during this time period, I regularly purchased AR-style receivers from various gun stores in Albuquerque, which I then built into fully functioning rifles or pistols using parts and parts kits. I then sold these rifles and pistols to customers who I met through online platforms such as JasonsGuns.com. I engaged in this business with the intention of making a profit, and I did, in fact, make money from these gun sales. I knew it was illegal to repeatedly purchase firearms for the purpose of resale to earn a profit. I have never held or applied for a federal firearms license that would have permitted me to engage in the business of dealing firearms.**

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

9. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

    a. The parties agree to recommend a sentence of 5 years of probation and a fine of $30,000 payable over the term of probation. This recommendation does not

        extend to any sentence to be imposed upon revocation of probation or supervised release. The Defendant specifically acknowledges that, pursuant to 18 U.S.C. § 3565, if he violates any condition of probation, the Court may revoke the term of probation and resentence the Defendant.

b.   As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

c.   The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the

advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## **DEFENDANT'S ADDITIONAL AGREEMENT**

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

16. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

17. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under USSG § 4A1.2(c) are not within the scope of this paragraph's agreement.

18. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under USSG § 3C1.1.

## FORFEITURE

19.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

20.     The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

| Manufacturer | Model | Type | Serial Number |
|---|---|---|---|
| Aero Precision LLC | Unknown Pistol Model | Receiver | PTL04338 |
| Aero Precision LLC | M4E1 | Receiver | M4-0141762 |
| Aero Precision LLC | LBRTYM4 | Receiver | LTYM4-00843 |
| Aero Precision LLC | LBRTYM4 | Receiver | LTYM4-00836 |
| Aero Precision LLC | LBRTYM4 | Receiver | LTYM4-00840 |
| Aero Precision LLC | LBRTYM4 | Receiver | LTYM4-01242 |
| Aero Precision LLC | A15 | Receiver | AMB06254 |
| Aero Precision LLC | A15 | Receiver | AMB06252 |
| Aero Precision LLC | M4E1 | Receiver | M4-0532852 |
| Anderson MFG | AM-15 | Receiver | 19164079 |
| Anderson MFG | AM-15 | Receiver | 19164085 |
| Anderson MFG | AM-15 | Rifle | 19218168 |
| Anderson MFG | AM-15 | Receiver | 19218169 |
| Anderson MFG | AM-15 | Receiver | 19218179 |
| Anderson MFG | AM-15 | Receiver | 19218178 |
| Anderson MFG | AM-15 | Receiver | 19218180 |
| Anderson MFG | AM-15 | Receiver | 19218181 |
| Anderson MFG | AM-15 | Receiver | 19218177 |
| Anderson MFG | AM-15 | Receiver | 19218163 |
| Anderson MFG | AM-15 | Receiver | 19218171 |
| Anderson MFG | AM-15 | Receiver | 19218166 |
| Anderson MFG | AM-15 | Rifle | 19218173 |
| Anderson MFG | AM-15 | Receiver | 19230614 |
| Anderson MFG | AM-15 | Receiver | 19218162 |
| Anderson MFG | AM-15 | Receiver | 19218164 |
| Anderson MFG | AM-15 | Receiver | 19339623 |
| Anderson MFG | AM-15 | Receiver | 19339638 |
| Anderson MFG | AM-15 | Receiver | 19339632 |
| Anderson MFG | AM-15 | Receiver | 19339620 |

| Anderson MFG | AM-15 | Receiver | 19339625 |
| --- | --- | --- | --- |
| Anderson MFG | AM-15 | Receiver | 19339633 |
| Anderson MFG | AM-15 | Receiver | 19339628 |
| Anderson MFG | AM-15 | Receiver | 19335865 |
| Anderson MFG | AM-15 | Receiver | 19335868 |
| Anderson MFG | AM-15 | Receiver | 19339621 |
| Anderson MFG | AM-15 | Receiver | 19339627 |
| Anderson MFG | AM-15 | Receiver | 19339629 |
| Anderson MFG | AM-15 | Receiver | 19339637 |
| Anderson MFG | AM-15 | Receiver | 20049241 |
| Anderson MFG | AM-15 | Receiver | 20049250 |
| Anderson MFG | AM-15 | Receiver | 20049246 |
| Anderson MFG | AM-15 | Receiver | 20049230 |
| Anderson MFG | AM-15 | Receiver | 20049243 |
| Anderson MFG | AM-15 | Receiver or Rifle | M4-0154346 |
| Beretta | M9 | Pistol | M9-153733 |
| Black Aces Tactical | PS 30 PO BOY | Silencer | PA001593AA |
| Diamondback Firearms LLC | DB15 | Rifle | DB1597378 |
| Diamondback Firearms LLC | DB15 | Receiver | DB2502088 |
| Diamondback Firearms LLC | DB15 | Receiver | DB2504120 |
| Grand Power | Stribog | Pistol | GSA1252 |
| Hecker & Koch | USP | Pistol | 22-093324 |
| Heritage | Roughrider | Revolver | Z62474 |
| Marlin Firearms | 1895SBL | Rifle | MR77314I |
| Marlin Firearms | 336W 30-30 | Rifle | MR81108B |
| Mossberg | 500A | Shotgun | P466342 |
| Palmetto State Armory | PSAK-47 | Rifle | GF3-18518 |
| Palmetto State Armory | PA-15 | Receiver | SCD075836 |
| Palmetto State Armory | KAG-15 | Receiver | V0TE0003053 |
| Palmetto State Armory | Deer Hunter 15 | Receiver | PRO-201667 |
| Palmetto State Armory | M4AI Carbine | Receiver | W014009 |
| Palmetto State Armory | PA-15 | Receiver | SCD133415 |
| Palmetto State Armory | PA-15 | Receiver | SCD133424 |
| Palmetto State Armory | PA-15 | Receiver | SCD133435 |
| Remington | 700 | Rifle | S6603232 |
| Ruger | Precision Creedmor | Rifle | EPG16V2 |
| Shadow Ops Weaponry | SHDW-15X | Receiver | DESTROYER666 |
| Shadow Systems | MR918 | Pistol | SSC003913 |
| Shadow Systems | CR920P | Pistol | S032235 |

| | | | |
|---|---|---|---|
| Sharps Bros | The Jack AR-15 SBLR03 | Receiver | 01644 |
| Sig Sauer USA | P320 | Pistol | OHP10200 |
| Sig Sauer USA | P320 | Pistol | OHP10076 |
| Sig Sauer USA | P365 | Pistol | 66B892493 |
| Silencerco | Maxim 9S | Silencer | MX9-1148 |
| Silencerco | Maxim 9 | Silencer | M9-1148 |
| Smith & Wesson | M&P Shield | Pistol | HZP5583 |
| Spike's Tactical | ST-15 | Receiver | NSL158681 |
| Spike's Tactical | ST-15 | Receiver | NSL156707 |
| Spike's Tactical | ST-15 | Rifle | NSL158793 |
| Spike's Tactical | ST-15 | Receiver | SS030172 |
| Spike's Tactical | ST-15 | Receiver | SS030264 |
| Spike's Tactical | ST-15 | Receiver | LT023922 |
| Spike's Tactical | ST-15 | Receiver | DTOM05768 |
| Spike's Tactical | ST-15 | Receiver | DTOM05769 |
| Spike's Tactical | ST-15 | Receiver | H2O-05538 |
| Spike's Tactical | ST-15 | Receiver | DTOM05372 |
| Spike's Tactical | ST-15 | Receiver | H2O-05539 |
| Spike's Tactical | ST-15 | Receiver | NSL164117 |
| Spike's Tactical | ST-15 | Receiver | VK006632 |
| Spike's Tactical | ST-15 | Receiver | DTOM05345 |
| Spike's Tactical | ST-15 | Receiver | DTOM05420 |
| Spike's Tactical | ST-15 | Receiver | DTOM05347 |
| Spike's Tactical | ST-15 | Receiver | VK006555 |
| Spike's Tactical | ST-15 | Receiver | DV045119 |
| Spike's Tactical | ST-15 | Receiver | NSL164118 |
| Spike's Tactical | ST-15 | Receiver | DTOM07540 |
| Spike's Tactical | ST-15 | Receiver | DTOM07545 |
| Spike's Tactical | ST-15 | Receiver | DTOM07517 |
| Spike's Tactical | ST-15 | Receiver | DTOM07539 |
| Spike's Tactical | ST-15 | Receiver | DTOM07541 |
| Spike's Tactical | ST-15 | Receiver | DTOM07542 |
| Taurus | G2C | Pistol | TMT51609 |
| Vltor Weapon Systems | VR | Receiver | 17100163 |
| Vltor Weapon Systems | VR | Receiver | 15020088 |
| Walther | PPS | Pistol | AD6414 |
| Various Manufacturers | | Assorted ammunition | Approximately 109.6 pounds |

21.     The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

22.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

23.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

**IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES**

24.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is a naturalized citizen or not a citizen of the United States. For naturalized citizens, certain offenses may carry a risk of denaturalization and deportation. Furthermore, for individuals who are not citizens of the United States, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's

attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

25. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

26. The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

27. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

28. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

## VOLUNTARY PLEA

30. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

31. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

32. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty plea(s) entered pursuant to this agreement.

33. Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

34. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

35. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 10th day of September, 2025.

RYAN ELLISON
Acting United States Attorney

Louis C. Mattei
Assistant United States Attorney
201 Third Street, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Joel R. Meyers
Attorney for the Defendant

      I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

 

_____
**Anthony Lutz**
Defendant